UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 4 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| YOUNGSUM MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. 12-1-9756-42 |
| ) | |
| AMERICAN GENERAL LIFE ) | 1 12-CV-4208 |
| INSURANCE COMPANY, and ) | |
| IGNACIA F. MILLER ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF IGNACIA F. MILLER

COMES NOW, Ignacia F. Miller ("Miller"), by and through her attorneys Mitchell, Williams, Selig, Gates & Woodyard and for her Answer to the Plaintiff's Complaint states:

1. Defendant Miller denies the allegations contained in paragraph one of the Plaintiff's Complaint.

2. Defendant Miller denies the allegations contained in paragraph two of the Plaintiff's Complaint.

3. Defendant Miller admits the allegations contained in paragraph three of the Plaintiff's Complaint.

4. Defendant Miller does not possess information sufficient to admit or deny the allegations contained in paragraph four of the Plaintiff's Complaint.

5. Defendant Miller admits the allegations contained in paragraph five of the Plaintiff's Complaint.

6. Defendant Miller admits the allegations contained in paragraph six of the Plaintiff's Complaint.

7. Defendant Miller admits the allegations contained in paragraph seven of the Plaintiff's Complaint.

8. Defendant Miller admits the allegations contained in paragraph eight of the Plaintiff's Complaint.

9. Defendant Miller admits the allegations contained in paragraph nine of the Plaintiff's Complaint.

10. Defendant Miller admits that Youngsun Miller was married to Mr. Miller at the time of his death. Defendant Miller does not have sufficient information to admit or deny the date of the marriage. Therefore, Defendant Miller denies that Youngsun Miller and Kenneth Miller were marred on June 22, 1998.

11. Defendant Miller admits the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. Defendant Miller denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. Defendant Miller does not possess information sufficient to admit or deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. Defendant Miller denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. Defendant Miller admits the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendant Miller admits the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Defendant Miller admits that the Plaintiff submitted a claim for the death benefit payable under the terms of the policy, alleging to be the beneficiary. Defendant Miller denies that the Plaintiff is the lawful beneficiary of the policy, and denies that the Plaintiff is entitled to the policy death benefit. The Plaintiff has no legitimate claim to the benefits payable under the terms of the policy.

18. Defendant Miller admits the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. Defendant Miller admits that her attorneys have been in contact with Defendant American General Life Insurance Company ("AGLIC"), and that they have provided information to AGLIC in support of her claim. All information provided to AGLIC has been truthful, accurate and supported by written documents.

20. Defendant Miller denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. Defendant Miller denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. Defendant Miller admits the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23. Paragraph 23 of the Plaintiff's Complaint is denied. Defendant Miller has made a valid claim that she is the proper beneficiary of the AGLIC policy.

24. Defendant Miller denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. Defendant Miller denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. Defendant Miller denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. Defendant Miller denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. Defendant Miller denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. Defendant Miller denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. Defendant Miller denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Defendant Miller denies the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32. Defendant Miller denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33. Defendant Miller denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. Defendant Miller denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. Defendant Miller denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36. Defendant Miller denies that AGLIC acted in bad faith or wrongfully failed to pay the death benefits to the Plaintiff.

37. Defendant Miller denies that AGLIC acted in bad faith or wrongfully failed to pay the death benefits to the Plaintiff.

38. Defendant Miller admits the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. Defendant Miller denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. Defendant Miller denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. Defendant Miller denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. Defendant Miller denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Defendant Miller denies the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44. Defendant Miller denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45. Defendant Miller denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46. Defendant Miller denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47. Defendant Miller denies the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48. Defendant Miller denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49. Defendant Miller has in fact made a claim on the AGLIC policy, and she is the proper beneficiary of the benefits.

50. Defendant Miller denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51. Defendant Miller denies the allegations contained in paragraph 51 of the Plaintiff's Complaint. Defendant Miller is the proper beneficiary of the policy benefits.

52. Defendant Miller denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

53. Defendant Miller denies that the Plaintiff is entitled to any relief.

54. Defendant Miller denies specifically and separately each and every material allegation contained in the Plaintiff's Complaint not admitted herein.

## AFFIRMATIVE DEFENSES

55. Defendant Miller states affirmatively that the Plaintiff's alleged causes of action are barred by the doctrine of laches, waiver, estoppel and unclean hands.

56. Defendant Miller states affirmatively that the Plaintiff illegally and without any authority attempted to change the beneficiary of the AGLIC policy on the life of Kenneth Miller from the Defendant Miller to herself. The Plaintiff's attempt to change the beneficiary is void and of no effect under the terms of the policy and under the law.

57. Defendant Miller states affirmatively that the Durable Power of Attorney signed by Kenneth Miller designating the Plaintiff as his attorney-in-fact, specifically prohibits the Plaintiff from changing the beneficiary of the AGLIC policy to herself.

58. Defendant Miller states affirmatively that the Plaintiff has been untruthful about the beneficiary of the AGLIC policy on the life of Kenneth Miller; has acted in bad faith; has been stubbornly litigious; and has put the Defendant Miller through unnecessary trouble and expense. As a result Defendant Miller is entitled to all litigation expenses and attorney's fees incurred in defending the false and bad faith claims of the Plaintiff, that she is the beneficiary of the AGLIC policy on the life of Kenneth Miller.

59. Defendant Miller states affirmatively that she is the proper beneficiary of the death benefit payable under the terms of the AGLIC policy on the life of Kenneth Miller.

60. Defendant Miller states affirmatively that AGLIC filed suit in the United States District Court for the Northern District of Georgia naming the Plaintiff and Defendant Miller as defendants in case number 1:12-cv-3677. AGLIC seeks to interplead the policy death benefit in that case. This case removed from the Superior Court of Cobb County, should be combined, consolidated and joined with United States District Court for the Northern District of Georgia case number 1:12-cv-3677.

WHEREFORE, Defendant Miller pays that the Plaintiff's Complaint be dismissed; that the court allow Defendant AGLIC to interplead the $100,000 death benefit into the registry of the court; that the court enter an Order declaring that the Defendant Miller is the proper beneficiary of the policy death benefit; that the court direct Defendant AGLIC to pay the policy death benefit to the Defendant Miller; for her costs and attorney's fess; and all other relief she may be entitled.

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
106 EAST SIXTH STREET, SUITE 300
AUSTIN, TEXAS 78701-3661
512.480.5100

By: _____
Julie M. Pomerantz
jpomerantz@mwlaw.com
Georgia Bar No. 583288

### Certificate of Service

I, Julie Pomerantz, hereby certify that on December 3, 2012, I have mailed by United States Postal Service an ~~Notice of Removal~~ Answer of Aquacia F. Miller to the following attorneys of records:

Shaun C. Southworth
MELVILLE JOHNSON, P.C.
22 Seventh Street, N.E.
Atlanta, Georgia 30308

_____
Julie M. Pomerantz

8